Okay. Mr. Parsley. Yes, Your Honor. Robert Parsley with Miller & Martin, representing Appellants Hi-Tech and Jared Wheat. I'm here with my colleague Jack Winnick and Vaughn Dunnegan, who represents Stephen Smith, who joins in the argument I'm presenting today. Court should grant relief from the judgments and, in particular, we're focused on this $40 million disgorgement judgment for contempt. And the court should grant relief under Rule 60B, based on the Supreme Court's recent decision in AMG Capital. AMG Capital undid with the stroke of a pen 40 years' worth of an enforcement program, a consumer redress enforcement program, that the FTC had created based on two words in Section 13B, permanent injunction. And the Supreme Court held that that entire enforcement program was unauthorized by Section 13B and was never what Congress intended. Disgorgement's not prospective relief, is it? No, disgorgement here was retrospective relief for damage caused to consumers who It does require prospective relief, but, Your Honor, the judgment, let's talk about this contempt judgment, it is prospective. In Griffin, this court held that a judgment is Well, AMG Capital doesn't involve a contempt sanction. It does not, but AMG Capital's holding applies equally to this case, because what it said is when the FTC files an enforcement action under Section 13B, it may not obtain or seek equitable monetary remedies without first having gone through an administrative procedure. It doesn't say anything about contempt sanctions. AMG Capital isn't addressing what happens in contempt enforcement proceedings. It does not, Your Honor, address the violation of an injunction. That's correct, Your Honor. It doesn't. But its reasoning, its holding, applies equally well. This court said, and Judge Pryor was on the panel in the on-point capital v. FTC case, which is cited in the brief 17F41066, and I just would like to quote from that. You know, the court said that under AMG Capital, when the FTC brings an enforcement action under 13B, it is not authorized to recover equitable monetary relief. This is a Section 13B enforcement action. The complaint was filed based on Section 13B. The injunction was entered under 13B. I thought we were in a contempt. This dealt with the result of a contempt proceeding, though. It is. Okay. But why is, if the FTC must go through an administrative proceeding, as AMG Capital holds, to be entitled to get equitable monetary relief, in a Section 13B enforcement action, it doesn't matter whether it's seeking it in the first instance, in connection with a permanent injunction, or whether it's seeking it as contempt of that injunction. It all flows from 13B. The injunction would never have existed without 13B. The contempt sanction would never have been entered without 13B. The injunction said, don't violate the FTC Act. Isn't the distinction, though, counsel, that one is dealing with the FTC's authority and the other is dealing with our court's inherent authority to enforce their own orders? That's right. And that's their argument. And that's the exact same argument that was rejected in AMG Capital. Where? Where did the court in AMG Capital reject the notion that a court could not levy a contempt, that a court could levy a contempt sanction? It doesn't talk about contempt. I didn't think so. But it says, it says, you know, the FTC argued that the district court's inherent equitable powers empowered it to grant disgorgement as a remedy in connection with granting a permanent injunction under 13B. But hang on, hang on, because that was dealing with the original action by the FTC. That's correct, Your Honor. Okay. We're past that. We're dealing with the district court enforcing one of its own orders, albeit one that was originally based on that. That's right. But we're one step past that, are we not? That's right. But it's still a 13B enforcement action. So are you saying then that a district court has to comply with the, some other administrative remedies before a district court can enforce its own order? What I'm saying, not as a general proposition, Your Honor. Let me finish my question. Yeah, I'm sorry. That's okay. Sorry. That a district court cannot enforce its own order unless it complies with administrative remedies of some type, some steps. If the original order that the court entered, even if it was 10 years before, was based on some sort of act that required administrative steps prior to anything happening? If that's what Congress required, and here AMG Capital says that, you know, Federal agencies have no inherent equitable powers. They only have the powers that Congress expressly gives them by statute. And AMG Capital holds, citing Porter and Mitchell, and so does Lew hold this, that Congress can either expressly or by necessary implication restrict an agency's ability to seek or obtain equitable relief. And when Congress restricts an agency's power to seek or obtain equitable relief, a court cannot give that equitable relief. It restricts only with respect to that statutory scheme. It restricts the district courts. It restricts its contempt power? It restricts its contempt powers because it's something that... I don't know where that, that's the leap you've made that I don't see where that comes from. Well, it comes from... Does it come from AMG Capital? I'm sorry? It doesn't come from AMG Capital because, as you acknowledge, that's not a case about contempt. Your client, the reason why we're even here in the first place isn't it because your client had allegedly taken certain actions to fail to pay the judgments and comply with the district court's order? Right. Had they complied with the district court's order in a timely fashion, we wouldn't be here today. Would you agree with that? Well, yes, Your Honor. And if you don't, that's fine. Yes, if they paid the judgment, we wouldn't be here today. Okay. Okay. But this case was on direct review even when the Supreme Court granted cert in AMG Capital. All right. Why is it, this is a question I would like to pose, a rhetorical question, why can the FTC get, through contempt, the exact same thing that Congress says it can't get directly? And this Court said in the En Pointe case... I'm sorry? The Court is vindicating its own power. After the Court enters an injunction and a party violates it, we're no longer talking about a Federal agency's power. We're now talking about the Court's power. But the Court cannot give what Congress has not permitted the FTC to obtain. The Court can exercise the equitable power it's always had to enforce its own orders. That power may be restricted by Congress with respect to specific statutes. That may be true. That may be true. I think it has to be true. I think that is true, that when Congress creates inferior courts, it can define the scope of their powers. The problem you have here is I don't see anything in the law that says that Congress circumscribed that contempt power of district courts in this context. You're inferring it from the limitation on the power of the agency recognized in AMG Capital, but it doesn't speak to contempt power. Well, the FTC Act does talk about contempt in respect to other aspects. Okay, well, give me the text-based argument that where it does so, that we can infer that Congress was circumscribing the contempt power of a Federal district court in this context. First, that an agency action in obtaining an administrative cease and desist order is a prerequisite to seeking any relief in the district court under 13b. Second, the whole purpose of 13b, and this comes straight from AMG Capital, is to protect the integrity of administrative proceedings. If you get a preliminary injunction under 13b, you only get it for 20 days pending what? The filing of an administrative complaint. But we're talking about protecting the integrity of the judicial proceeding. Section 49, 15 U.S.C. 49, talks about the disobeying an FTC subpoena may be punished by contempt. Section 50 says disobeying a district court contempt order is a criminal offense, and it says you can get one year in prison or $1,000 to $5,000 in a fine. Okay. I think we understand your argument, Mr. Saverin. You've saved some time for rebuttal. Thank you. Ms. Clay. Oh, so Ms. Clay, are you doing rebuttal? What is the text-based? I apologize. I'm looking at the docket sheet and messed it up. Parsley. I'm sorry. I was looking at the next case. Ms. Goetz. May it please the Court, Your Honors, Mariel Goetz for the Federal Trade Commission. We are talking about a contempt judgment here, Your Honors, are exactly correct, that it's a different mechanism than the FTC Act, which is what AMG dealt with. Has the Fourth Circuit already addressed this very question, that AMG capital doesn't address the contempt power? The Fourth Circuit, Your Honor, is referring to the Pucky decision, I believe. That case was a little bit different, but it's consistent with all of our arguments here. That was not a Rule 60B case trying to set aside a judgment. But what all the courts have recognized is that AMG, even in cases in which 13b, equitable monetary relief judgments are at issue, AMG does not provide cause to reopen final judgments, even in that respect. Now here, of course, we're talking about a contempt judgment entered under the Court's broad authority to enforce its own orders. And I think the case that's most on point to refute everything my friend on the other side just said is this Court's decision in Guardian Pools, where the Court was very clear that in contempt cases, courts are bound by different considerations or constrained by different considerations than whatever the underlying statute involves. So that case involved Title VII. And there was an argument that if you're going to get monetary relief under Title VII, you need to show a certain predicate, namely there was actual discrimination. And this Court emphatically rejected that and said, no, we're talking about contempt. It's different. The same thing here. I also want to point out that HITECH never argued that the FTC should proceed only through an administrative action. So it never made the argument that it's making today before this Court in the long history of this case. Counsel, that was one of my questions, and I think you just answered it. Let me just make sure. Your opposing counsel said this case was still on direct appeal when AMG was decided. I think that's what he said. That's incorrect, Your Honor. Is it incorrect that's what he said, or is it incorrect it was on direct appeal? Both. It was not on direct. This case was not on direct appeal. It was closed well before AMG came down in 2021. And another critical point here, Your Honor, is that HITECH never appealed from the contempt, the monetary portion of the contempt sanction. This is now the fourth time this case is up before this Court. The last time around was an appeal from the contempt liability finding. HITECH never made any of these arguments that it's now asserting here in this action. It never claimed that the contempt sanction was not allowed because it exceeded what the FTC could obtain under Section 13b. It never argued any of the other arguments about, you know, the Court should have based the award on profits and not revenues, any of that. It never argued those points. It essentially abandoned any challenge to the $40 million contempt sanction by not I'm trying to think of the simplest way to decide this appeal. So insofar as we have a Rule 60b-5 motion, it seems to me that the disgorgement sanction isn't prospective relief and just therefore does not come within the terms of 60b-5. Is that right? That's absolutely right. Isn't that the easiest reason to affirm that? I think the easiest reason, Your Honor, is simply to say AMG has nothing to say about contempt judgments at all, and so that forecloses both 60b-5 and b-6. But Your Honor is absolutely correct that this — nothing about this judgment, the monetary portion of the judgment, which is really what HITECH is attacking here, they don't want to have to pay the $40 million. And if you look at docket number 1101, which was their Rule 60 motion in the district court, it makes absolutely clear that that is what they are attacking. They want to be relieved of the obligation to pay. That's at ECF page 24 of that filing. And so, yes, Your Honor, there's nothing prospective about this judgment, so 60b-5 doesn't apply at all. As for 60b-6, of course, it's very clear from the Supreme Court's precedent and this Court's precedent that that is reserved for extraordinary circumstances. As the Court said in Gonzales, there's nothing extraordinary about the Supreme Court changing the law in a new decision that comes down. And, of course, that's assuming that the change in law is even relevant, which it's not here. I'm happy to answer any other questions if the Court has them. I don't hear any. Thank you, Ms. Goetz. Thank you, Your Honors. Please save a few minutes for rebuttal. Thank you, Your Honor. First, Judge Cougar, I'd like to clarify what I said is that AMG Capital granted cert while this case was still on direct review. The appellants were seeking a petition for cert in the United States Supreme Court. AMG Capital was decided after cert was denied. But you didn't make any of these arguments on direct appeal? No, Your Honor. And could it not be said that you basically lost that, then? No, Your Honor, because AMG Capital was a monumental change in the law that warrants relief under 60b-5 and 60b-6. Would you be required to have clean hands for that to apply? Clean hands here, the only unclean hands finding by the district court First, my question is, would you be required to have clean hands? I think, I mean, it's part of an equitable determination, sure. I mean, the court can consider the equities. And the only inequity here that the district court found is an unwillingness to voluntarily pay the contempt judgment. And this case was still on direct appeal until the Supreme Court denied the cert petition in this case, and AMG Capital was decided shortly thereafter. And the appellants then sought relief in the district court under Rule 60b promptly. There was diligence shown here. The judgment here is prospective. The district court expressly retains the powers to dispose of funds collected under the judgment. That's prospective. That's still something for the court to do under this court's precedent in Griffin. The Hewitt case, I'm sorry, the Puckey case, that was a Section 19 case that's completely distinguishable here. It has nothing to do with this case. That was a Section 19 award. I don't, you know, there are a couple of district courts that have addressed this That's wrong. AMG Capital stands for the proposition that Congress never intended the Federal Trade Commission to be able to obtain equitable monetary remedies in court without having first gone through an administrative proceeding. The FTC Act from the beginning. Which is a totally different issue from a contempt sanction. I would respectfully disagree, Your Honor. I think the reasoning of AMG Capital applies equally here. I think the holding of AMG Capital is compelling here. No longer talking about remedy for a violation of an act. We're talking about a remedy for a violation of a court's order. In which it gives the Those are two different things. Congress can restrict a court's power to award equitable monetary remedies as a contempt sanction when it has restricted a Federal agency's ability to seek or ask Could. For that relief. Could. And that's exactly what AMG Capital requires here, Your Honor. It did not say that. It didn't say that. That's correct. But this is the next step of AMG Capital. If this court rules the FTC's way, it means that the FTC can continue to conduct its consumer redress program under Section 13B in defiance of AMG Capital and obtain Mr. Parsons. Yes, Your Honor. Maybe you can convince the Supreme Court to tell us that that's what AMG Capital means. And to take the next step. Thank you. Do you have any further questions? I don't. Thank you.